UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
------------------------------------------------------------------------X
DUGLAS MARTINEZ, individually and on behalf of all others similarly situated,

        Plaintiffs,

-against-

ROCKLEIGH COUNTRY CLUB L.L.C.,
GERRY PUCCIO, JR., and FRED PUCCIO,

        Defendants.
------------------------------------------------------------------------X

CIVIL ACTION NO.

COMPLAINT

Plaintiff Duglas Martinez ("Plaintiff"), individually and on behalf of all others similarly situated, by his attorneys, Katz Melinger PLLC, complaining of the defendants, Rockleigh Country Club L.L.C., Gerry Puccio, Jr., and Fred Puccio (collectively "Defendants"), respectfully alleges as follows:

### I. Nature of Action, Jurisdiction, and Venue

1. This is an action seeking equitable and legal relief for Defendants' violations of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, *et seq*. ("FLSA"), the New Jersey Wage and Hour Law, N.J.S.A. 34:11-56(a) *et seq*., and the New Jersey Wage Payment Act, N.J.S.A. 34:11-4.1, *et seq.*

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, in that this is an action arising under the FLSA.

3. This Court has supplemental jurisdiction over the claims arising under the New Jersey Wage and Hour Law, the New Jersey Wage Payment Act, and New Jersey common law pursuant to 28 U.S.C. § 1367, in that the state law claims are so closely related to Plaintiff's FLSA claims as to form the same case or controversy under Article III of the United States Constitution.

4. Venue is proper in this judicial district under 28 U.S.C. § 1391, as a substantial part of the events and omissions giving rise to the claims occurred in this judicial district, and Defendants conduct business through their employees, including Plaintiff, within this judicial district.

## II. Parties

5. Plaintiff is an individual residing in the state of New Jersey.

6. At all relevant times, Plaintiff was employed by Defendants as defined by FLSA 29 U.S.C. § 203(e), N.J.S.A. 34:11-56a.1(h), and N.J.S.A. 34:11-4.1(b).

7. Defendant Rockleigh Country Club L.L.C. ("Rockleigh") is a domestic limited liability company with its principal place of business located at 26 Paris Avenue, Rockleigh, New Jersey 07647.

8. Defendant Gerry Puccio, Jr. ("Gerry") is an individual residing, upon information and belief, in the state of New Jersey.

9. Defendant Fred Puccio ("Fred") is an individual residing, upon information and belief, in the state of New Jersey.

10. At all relevant times, Gerry was, and still is, an officer, director, shareholder and/or person in control of Rockleigh.

11. At all relevant times, Gerry was, and still is, a senior management level employee of Rockleigh, who exercised significant control over the companies' operations and had the authority to hire, fire, and discipline employees, set employees' work schedules and conditions of employment, determine the rate and method of payment for employees, and maintain employment records.

12. At all relevant times, Fred was, and still is, an officer, director, shareholder and/or person in control of Rockleigh.

13. At all relevant times, Fred was, and still is, a senior management level employee of Rockleigh, who exercised significant control over the companies' operations and had the authority to hire, fire, and discipline employees, set employees' work schedules and conditions of employment, determine the rate and method of payment for employees, and maintain employment records.

14. Upon information and belief, Defendants' revenues are in excess of the minimum required to fall within the jurisdiction of the FLSA.

15. Defendants operate in interstate commerce.

16. All Defendants are subject to suit under the statutes alleged above.

### III. FLSA Collective Action Allegations

17. The First Cause of Action in this Complaint, which arises out of the FLSA, is brought by Plaintiff on behalf of himself and similarly situated persons who were employed since the date three (3) years prior to the filing of this Complaint and who elect to opt-in to this action (the "FLSA Collective Plaintiffs").

18. The FLSA Collective Plaintiffs consist of no less than ten (10) similarly situated current and former kitchen assistants employed by Defendants, who work or worked in excess of forty (40) hours per workweek and are victims of Defendants' common policies and practices that have violated their rights under the FLSA by, *inter alia*, willfully denying them overtime wages.

19. As part of their regular business practices, Defendants have intentionally, willfully, and repeatedly harmed Plaintiff and the FLSA Collective Plaintiffs by engaging in a pattern, practice, and/or policy of violating the FLSA. This policy and pattern or practice includes,

*inter alia*, failing to pay employees the applicable overtime rates for all time worked in excess of forty (40) hours per week.

20. Defendants have engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation.

21. Defendants' unlawful conduct has been intentional, willful, and in bad faith, and has caused significant damages to Plaintiff and the FLSA Collective Plaintiffs.

22. The FLSA Collective Plaintiffs would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit. Those similarly situated employees are known to Defendants, are readily identifiable, and locatable through Defendants' records. These similarly situated employees should be notified of and allowed to opt-in to this action, pursuant to 29 U.S.C. § 216(b).

### IV. Factual Allegations

23. Plaintiff worked for Defendants from in or around May 2007 until on or about September 23, 2017.

24. From the beginning of his employment until in or around 2012, Plaintiff was employed by Defendants as a dishwasher.

25. From in or around 2012 until the end of his employment with Defendants, Plaintiff worked as a line cook.

26. As dishwasher, Plaintiff's principal job responsibilities included washing dishes and cleaning the kitchen.

27. As line cook, Plaintiff's principal job responsibilities included preparing meals, chopping vegetables, cleaning his workstation, and maintaining food inventory.

28. Throughout his employment with Defendants, Plaintiff regularly worked five (5) days per week, as follows: 9:00 a.m. to 5:00 p.m. on Wednesdays and Thursdays; and 9:00 a.m. to 1:00 a.m. on Fridays, Saturdays, and Sundays, for a total of approximately sixty four (64) hours per week.

29. Throughout his employment with Defendants, Plaintiff was not afforded meal or rest breaks.

30. From in or around 2012 until in or around August 2016, Plaintiff was compensated at a rate of $10.00 per hour for all hours worked.

31. From in or around September 2016 until the end of his employment with Defendants, Plaintiff was compensated at a rate of $14.00 per hour for all hours worked.

32. Plaintiff and the FLSA Collective Plaintiffs frequently worked in excess of forty (40) hours per week during their employment with Defendants.

33. However, Defendants failed to compensate Plaintiff and FLSA Collective Plaintiffs at their proper overtime rates of one and one-half times their regular hourly rates of pay for all hours worked in excess of forty (40) hours per workweek.

34. Instead, Defendants compensated Plaintiff and FLSA Collective Plaintiffs at fixed hourly rates for all hours worked, including all hours worked in excess of forty (40) hours per workweek.

35. Neither Plaintiff nor the FLSA Collective Plaintiffs supervised any employees, nor were they employed in executive, professional, administrative, or outside sales capacities.

36. As a result, Plaintiff and the FLSA Collective Plaintiffs were non-exempt employees under the FLSA and the New Jersey Wage and Hour Law.

37. Defendants' refusal to pay Plaintiff and the FLSA Collective Plaintiffs all wages owed to them is an intentional and willful violation of the FLSA and New Jersey's wage laws.

38. Plaintiff and the FLSA Collective Plaintiffs sustained substantial damages from the acts and omissions described herein.

**AS AND FOR A FIRST CAUSE OF ACTION ON BEHALF OF PLAINTIFF, INDIVIDUALLY, AND THE FLSA COLLECTIVE PLAINTIFFS**
*(Overtime Violations under the FLSA)*

39. Plaintiff, individually and on behalf of the FLSA Collective Plaintiffs, repeats and realleges all prior allegations set forth above.

40. Pursuant to the applicable provisions of the FLSA, Plaintiff and the FLSA Collective Plaintiffs were entitled to receive overtime compensation of one and one-half times their regular hourly rates for all hours worked in excess of forty (40) per week.

41. Plaintiff and the FLSA Collective Plaintiffs regularly worked in excess of forty (40) hours per week during their employment with Defendants.

42. Throughout the relevant time period, Defendants knowingly failed to pay Plaintiff and the FLSA Collective Plaintiffs overtime wages of one and one-half times their regular rates for each hour worked in excess of forty (40) in a workweek.

43. Instead, Defendants compensated Plaintiff and FLSA Collective Plaintiffs at fixed hourly rates for all hours per workweek, including all hours worked in excess of forty (40) hours per workweek, and failed to provide Plaintiff and FLSA Collective Plaintiffs with overtime premiums.

44. As a result of Defendants' violations of the law and failure to pay Plaintiff and the FLSA Collective Plaintiffs the required overtime wages, Plaintiff and the FLSA Collective Plaintiffs have been damaged and are entitled to recover from Defendants all overtime wages due, along with all reasonable attorneys' fees, interest, and costs.

45. As Defendants did not have a good faith basis to believe that their failure to pay overtime wages was in compliance with the law, Plaintiff and the FLSA Collective Plaintiffs are entitled to liquidated damages.

46. Judgment should be entered in favor of Plaintiff and the FLSA Collective Plaintiffs and against Defendants on the First Cause of Action in the amount of their respective unpaid overtime wages, liquidated damages, reasonable attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

**AS AND FOR A SECOND CAUSE OF ACTION ON BEHALF OF PLAINTIFF**
*(Overtime Violations under the New Jersey Wage and Hour Law)*

47. Plaintiff repeats and realleges all prior allegations set forth above.

48. Pursuant to the applicable provisions of N.J.S.A. 34:11-56(a)(4), Plaintiff was entitled to receive overtime compensation of one and one-half times his regular hourly rate for all hours worked in excess of forty (40) hours per week.

49. Throughout the relevant time period, Plaintiff routinely worked in excess of forty (40) hours per week for Defendants.

50. However, Defendants knowingly failed to pay Plaintiff overtime wages of one and one-half times his regular rate of pay for each hour worked in excess of forty (40) in a workweek.

51. Instead, Defendants compensated Plaintiff at a fixed hourly rate for all hours worked per workweek, including all hours worked in excess of forty (40) hours per workweek, and failed to provide Plaintiff with overtime premiums.

52. As a result of Defendants' violations of the law and failure to pay Plaintiff the required overtime wages, Plaintiff has been damaged and is entitled to recover from Defendants all wages, along with reasonable attorneys' fees, interest, and costs.

53. As Defendants did not have a good faith basis to believe that their failure to pay overtime wages was in compliance with the law, Plaintiff is entitled to liquidated damages.

54. Judgment should be entered in favor of Plaintiff and against Defendants on the Second Cause of Action in the amount of Plaintiff's unpaid overtime wages, liquidated damages, reasonable attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

**AS AND FOR A THIRD CAUSE OF ACTION ON BEHALF OF PLAINTIFF**
*(Failure to Timely Pay Wages in Violation of New Jersey Wage Payment Law)*

55. Plaintiff repeats and realleges all prior allegations.

56. At all relevant times, Defendants failed to pay Plaintiff the full amount of wages due, including overtime wages, at least twice during each calendar month on regular pay days designated in advance, in violation of N.J.S.A. 34:11-4.2.

57. Defendants also failed to pay Plaintiff all wages due, including overtime wages, not later than the regular payday for the pay period during which he was terminated, in violation of N.J.S.A. 34:11-4.3.

58. As a result of Defendants' violations of the law and failure to pay Plaintiff all wages due, including overtime wages, in a timely manner, Plaintiff has been damaged and is entitled to recover from Defendants all unpaid wages, along with interest, and costs.

59. Judgment should be entered in favor of Plaintiff and against Defendants on the Third Cause of Action for all unpaid wages, interest, costs, and such other legal and equitable relief as this Court deems just and proper.

**WHEREFORE**, Plaintiff prays for relief as follows:

a) on the First Cause of Action on behalf of Plaintiff and the FLSA Collective Plaintiffs for all overtime wages due, liquidated damages, and reasonable attorneys' fees in an amount to be determined by the Court;

a) on the Second Cause of Action for all unpaid overtime wages due to Plaintiff, liquidated damages, and reasonable attorneys' fees in an amount to be determined by the Court;

b) on the Third Cause of Action for all unpaid wages due to Plaintiff;

c) interest;

d) costs and disbursements; and

e) such other and further relief as the Court deems just and proper.

Dated:  New York, New York
        January 30, 2018

                                              */s/ Adam Sackowitz*
                                              Adam Sackowitz
                                              Katz Melinger PLLC
                                              280 Madison Avenue, Suite 600
                                              New York, New York 10016
                                              (212) 460-0047
                                              ajsackowitz@katzmelinger.com
                                              *Attorneys for Plaintiff*